# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:03CR4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| DANNY CARLTON GRIPPER | ) | |

**THIS MATTER** is before the Court on the Defendant's motion to "have Court ordered restitution paid as ordered by the Court," which requests that the Court order his restitution payments be suspended until he is placed on supervised release. The motion is denied.

The Defendant's restitution payments were ordered in his Judgment of Conviction in a Criminal Case to be made through the Inmate Financial Responsibility Program (IFRP). The Defendant advises that he was employed by UNICOR and "willingly participated" in the IFRP until his transfer to another facility where he "has been unable to re[enter] the [UNICOR] factory." He was advised by the Bureau of Prisons (BOP) that even though he was no longer working, he would be required to continue

payments toward the restitution balance even if such monies were solicited from "external sources."

The authority and method of collection through the IFRP as well as a determination of the Defendant's ability to pay has been delegated to BOP by federal regulations. **28 C.F.R. §§ 545.10-545.16.** Defendant, who requests that payments be suspended until such time as he is placed on supervised release, is obligated to exhaust all administrative remedies through the BOP before approaching the appropriate district court. *Aja v. Bureau of Prisons Staff*, **202 F.3d 267 (table), 1999 WL 1336093 (6th Cir. 1999);** *United States v. Rumney*, **86 F.3d 1147 (table), 1996 WL 325485 (1st Cir. 1996);** *Indelicato v. Suarez*, **207 F.Supp.2d 216 (S.D.N.Y. 2002).** Defendant advises he attempted to review BOP's decision through "inmate resolution policies and procedures," but does not state whether or not he has exhausted the administrative remedies available through the BOP.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion is hereby **DENIED**.

3

Signed: October 12, 2006

Lacy H. Thornburg
United States District Judge