IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV85-T
(1:03CR4-T)

| | |
|---|---|
| DANY CARLTON GRIPPER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | ORDER |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 and his motion to amend that petition filed October 2, 2006. ___

Petitioner was convicted after a jury trial of bank robbery in violation of 18 U.S.C. § 2113(a); armed bank robbery, in violation of 18 U.S.C. § 2113(d); using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). **Verdict Sheet, filed May 6, 2003.** On November 21, 2003, Petitioner was sentenced to a total of 156 months imprisonment followed by five years of supervised release. **Judgment in a**

**Criminal Case, filed December 9, 2003.** The Petitioner appealed his conviction and sentence; on January 28, 2005, the Fourth Circuit Court of Appeals affirmed Petitioner's sentence and conviction. **United States v. Gripper, 122 F. App'x 15 (2005).** The Petitioner did not seek a *writ a certiorari* from the United States Supreme Court. His conviction thus became final on April 28, 2005. **United States v. Sosa, 364 F.3d 507 (4th Cir. 2004).**

On March 13, 2006, Petitioner filed his motion to vacate alleging that: (1) the Court erred in sentencing him under 18 U.S.C. § 922(g); (2) items seized by officers prior to Petitioner's arrest, were the product of an illegal search and seizure; (3) Petitioner's counsel was ineffective for failing to procure subpoenas; (4) the Court erred in sentencing Petitioner for crimes for which he had not been charged; and (5) Petitioner's Indictment failed to include the type of firearm used causing a jurisdictional defect in his Indictment.

On October 2, 2006, Petitioner filed a motion to amend in which he seeks to add two additional claims: (1) that "it was plain error to sentence [him] under both 28 U.S.C. § 2113(a) and U.S.C. § 2113(d); and (2) that his attorney was ineffective for allowing Petitioner to be tried on a

"mutliplicitous indictment in violation against the 5th amendment protection against double jeopardy." **Motion to Amend, at 1.**

Federal Rule of Civil Procedure 15 governs the procedure for amending habeas petitions. Under Rule 15(a) of the Federal Rules of Civil procedure, leave to amend shall be freely given absent bad faith, undue prejudice to the opposing party, or futility of amendment. ***See Forman v. Davis*, 371 U.S. 178, 182 (1962).** A cause of action barred by an applicable statute of limitations is futile and, therefore, an amendment based on such a cause of action can be denied. ***See Keller v. Prince George's County*, 923 F.2d 30, 33 (4th Cir. 1991).** However, when proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading in certain circumstances. Relation back is permitted when the "claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." **Fed. R. Civ. P. 15(c)(2).** The Court finds, in the interest of finality, that the motion to amend should be granted.

With respect to the claims contained in the motion to vacate as well as those contained in the motion to amend, the Court finds that the United States should file a response to such claims.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Amend is **ALLOWED**; and

**IT IS FURTHER ORDERED** that the United States file an answer to Petitioner's motion to vacate on or before 40 days from entry of this Order.

Signed: July 20, 2007

Lacy H. Thornburg
United States District Judge