**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO. 1:06CV85**
**(1:03CR4)**

| | | |
|---|---|---|
| **DANNY CARLTON GRIPPER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Government's response to

Petitioner's motion to vacate, set aside or correct sentence pursuant to 28

U.S.C. § 2255, and motion for leave to file such response out of time, and

the Government's motion for summary judgment. For the reasons stated,

the Court will deem the response timely filed.

With respect to the motion for summary judgment, and in accordance

with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner, who is

proceeding *pro se*, is cautioned that he carries a heavy burden in

responding to a motion for summary judgment. Rule 56(e) of the Federal

Rules of Civil Procedure provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This language means that if the Petitioner has any evidence to offer to show that there is a genuine issue for trial, he must now present it to the Court in a form which would otherwise be admissible at trial, that is, in the form of affidavits or unsworn declarations.  An affidavit is a written statement under oath; in other words, a statement prepared in writing and sworn before a notary public.  An unsworn statement, made and signed under the penalty of perjury, may also be submitted.

Affidavits or statements must be presented by the Petitioner to this Court within 20 days from service of this Order.  As stated by Rule 56(e), Petitioner's failure to respond may result in the action being dismissed by way of summary judgment.

**IT IS, THEREFORE, ORDERED** that the Government's motion for leave to file response out of time is **ALLOWED**, and such response is deemed timely filed *nunc pro tunc.*

**IT IS FURTHER ORDERED** that Petitioner is allowed 20 days from service of this Order within which to respond, in accordance with the provisions of Fed. R. Civ. P. 56(e), to the Government's motion for summary judgment.

Signed: November 1, 2007

Lacy H. Thornburg
United States District Judge